UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACK L. VANDERBURG,<br><br>                    Plaintiff,<br><br>     v.<br><br>ALPHA PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>                    Defendant. | NO:  CV-13-5090-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

**BEFORE THE COURT** is Plaintiff's Motion to Remand, ECF No. 5. Plaintiff is represented by Timothy W. Mahoney.  Defendant Alpha Property & Casualty Insurance Company ("Alpha Property") is represented by Daniel E. Thenell and Jullian M. Hinman.  The motion was heard without oral argument. The Court has considered the briefing and the file and is fully informed.

BACKGROUND

According to the allegations of the Complaint, Plaintiff Jack L. Vanderburg owned a 2011 Jeep Grand Cherokee that was insured in the amount of $25,000 by Defendant Alpha Property.  Plaintiff's Jeep Grand Cherokee was allegedly stolen

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 1

on April 25, 2012, in Kennewick, Washington, and subsequently disposed of in the Columbia River. Plaintiff alleges that his vehicle was determined to be a total loss with a value in excess of $25,000. Plaintiff also alleges that Alpha Property acted in bad faith in denying Plaintiff's insurance claim relating to the theft and loss of his vehicle.

Plaintiff filed suit in Benton County Superior Court on July 23, 2013, alleging that Alpha Property violated the Insurance Fair Conduct Act, chapter 48.30 RCW, and provisions of the Washington Administrative Code, in denying his claim. Plaintiff requested an award for the loss of his vehicle under his Alpha Property insurance coverage, for special and general damages to be proven at the time of trial, and for treble damages and reasonable attorney's fees as provided for under the Insurance Fair Conduct Act. ECF No. 1-1.

Alpha Property filed a notice of removal in this Court on August 14, 2013. Alpha Property asserts that the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000. Alpha Property is incorporated in the State of Wisconsin with its principal place of business in Texas. Plaintiff is a Washington resident. ECF No. 1.

Following Alpha Property's notice of removal, Plaintiff filed a motion to remand the proceedings to state court. Plaintiff claims that removal was improper

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 2

because Alpha Property has not demonstrated that the amount in controversy exceeds $75,000.

## ANALYSIS

28 U.S.C. § 1441 allows for removing an action filed in state court to federal district court where the federal district court has original jurisdiction. 28 U.S.C. § 1332 in turn provides for original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there exists complete diversity between the parties. The amount in controversy includes punitive damages and attorney's fees authorized by statute. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

The party seeking to remove a case from state court has the burden of proving that removal is proper. *See Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). The removal statute is strictly construed and there exists a "strong presumption against removal jurisdiction." *Id.* at 566.

In determining the amount in controversy at removal, the district court should first determine whether it is "facially apparent" from the complaint that the jurisdictional amount is met. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (9th Cir. 1995)). When it is not facially evident from the complaint that the amount in controversy exceeds $75,000, the party removing the action to

federal court must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). The removing party may rely on any facts presented in the removal petition as well as any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (quoting *Singer*, 116 F.3d at 377). Conclusory allegations as to the amount in controversy are insufficient to meet this burden. *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (per curiam)).

Alpha Property asserts that it is facially apparent from the Complaint that the jurisdictional amount in controversy has been met here. Plaintiff asserted in his Complaint that he was damaged in the amount of $25,000 and that he is entitled to treble damages under the Insurance Fair Conduct Act.[1] Plaintiff additionally asserted that he is entitled to attorney's fees under the Act. *See* RCW 48.30.015(1). According to Alpha Property, the Complaint thus establishes an amount of at least $75,000 in controversy, with the jurisdictional amount met if Plaintiff's attorney's fees amount to at least one cent.

---

[1] RCW 48.30.015(2) states that if a violation of the IFCA is found, the superior court may "increase the total award of damages to an amount not to exceed three times the actual damages."

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 4

1    Plaintiff asserts that the Complaint does not specifically state that the

2    amount in controversy exceeds $75,000.  Plaintiff additionally asserts that he will

3    request in state court that his case be submitted to arbitration under RCW 7.06.020,

4    which places a jurisdictional limit on his claim of $50,000.

5    The Court concludes that it is facially apparent from Plaintiff's Complaint

6    that the jurisdictional amount in controversy has been met.  Plaintiff has asserted

7    that he is entitled to treble damages on actual damages of $25,000 and that he is

8    entitled to recover his attorney's fees in this action.  Such allegations are sufficient

9    to establish that the amount in controversy exceeds $75,000.  In addition, while

10   Plaintiff has stated an intent to seek arbitration in state court, he has not stipulated

11   that his Complaint is in fact limited to the $50,000 limit for arbitration under RCW

12   7.06.020.  Thus Plaintiff's assertion that the jurisdictional amount in controversy

13   will not be met is not enough to defeat the amount in controversy stated from the

14   face of the Complaint.

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 5

1  Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to
2  Remand, **ECF No. 5**, is **DENIED**. The Case shall proceed in this Court pursuant
3  to the Jury Trial Scheduling Order.

4  The District Court Clerk is hereby directed to enter this Order and to provide
5  copies to counsel.

6  **DATED** this 2nd day of October, 2013.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        Chief United States District Court Judge

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 6